THE SCOTT & BARRETT MERCANTILE COMPANY, A CORPORATION, V. NELSON COUNTY, NORTH DAKOTA, AND HENRY TELANDER, AS COUNTY AUDITOR OF SAID NELSON COUNTY, NORTH DAKOTA.

Opinion filed June 28, 1905.

**Taxation — Illegal Sale — Demurrer.**

1. A statement in the complaint that "said real property was not described in the assessment thereof purported to have been made in said year," is, as against a demurrer, insufficient to show that the property had not been assessed.

**Delinquent Taxes — Sale.**

2. The county auditor was authorized to include in the delinquent tax sale of 1897 the unpaid taxes of 1895, if for any reason the land charged with the latter taxes had not been sold therefor in 1896.

**Same — Right to Relief — Objections Before Sale.**

3. The complaint in an action to annul a tax sale alleged numerous defects in the tax proceedings prior to sale. *Held*, that the defects alleged were all either cured or relief therefrom barred by section 1263, Rev. Codes 1899.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by the Scott & Barrett Mercantile Company against Nelson county and Henry Telander, auditor. Judgment for plaintiff, and defendant appeals.

Reversed.

*George D. Kelly,* for appellants.

A state levy in percentage and not in specified amounts does not invalidate the tax. Fisher v. Betts et al., 12 N. D. 197, 96 N. W. 132.

County levy not based on an itemized statement of expenditure for the ensuing year is not a void levy and does not invalidate the tax. Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

That taxes were excessive is not ground for canceling a certificate or enjoining its enforcement, unless the maximum amount that might have been imposed upon plaintiff's property is either paid or tendered before action. Wells Fargo Express Co. v. Crawford County et al., 37 L. R. A. 371; Wilson et al. v. Longendyke et al., 4 Pac. 361; Douglas v. City of Fargo et al., 13 N. D. 467, 101 N. W. 919; Farrington v. The N. E. Investment Co. et al., 1 N. D. 103, 45 N. W. 191.

Whether a description of land in an assessment list is sufficient or not for the purpose of identification is a question of law, and a pleading should show the exact facts touching the assessment. Absence of assessor's oath from the assessment list does not vitiate either the tax or certificate. Douglas v. City of Fargo, supra; Farrington v. The N. E. Investment Co. et al., supra.

The postponement of the sale was to plaintiff's advantage, and no prejudice could arise to impair the validity of the certificate. Paden v. Akin, 7 Watts & S. 456; Little v. Gibbs et al., 30 Pac. 986; Colman v. Shattuck, 62 N. Y. 348.

Villages, townships and school districts are essential parties to an action to annul tax proceedings. Adams v. Auditor General, 5 N. W. 457; Railway Co. v. Robinson, 42 N. W. 83; Hope v. Gainesville, 72 Ga. 246; Hill v. Hayes, 17 Id. 360; Gilmore v. Fox, 10 Id. 509; Voss v. Union School District, 18 Id. 467; 10 Enc. Pl. & Pr. 911.

*Fred A. Kelly* and *Scott Rex,* for respondents.

The tax in question was not equalized. This is fatal. Powers v. Larabee, 2 N. D. 141, 49 N. W. 724.

The village taxes are in excess of the taxes that the village had power to levy. This is expressly excepted from the curative feature of chapter 158, Laws 1903. Where the complaint negatives the existence of a tax, plaintiff is not required to pay or tender what does not exist. Cooley on Taxation, 1427; Jaggard on Taxation, 758; Bode v. New England Investment Co., 1 N. D. 121, 42 N. W. 658; Gage v. Kaufman, 133 U. S. 408, 10 Sup. Ct. Rep. 406; Greenley v. Hovey, 73 N. W. 808.

The part of the demurrer that charges a defect of parties is not well taken. Demurrer itself is defective in that it fails to point out the proper parties. Jaeger v. Sunde et al., 73 N. W. 171; Kreling v. Kreling, 50 Pac. 546; Leedy v. Nash, 67 Ind. 311; Gunderson v. Thomas, 58 N. W. 750; Schwartz v. Wechler, 20 N. Y. S. 861.

ENGERUD, J. This is an appeal from an order overruling a demurrer to the complaint. The county of Nelson and auditor of that county are the only parties defendant. The complaint alleges plaintiff's ownership of a town lot in the village of Lakota, and continues as follows:

"(4) That taxes were attempted to be levied, assessed and charged against said real estate for the year 1895 by the state of North Dakota, Nelson county, and the village of Lakota. That

the taxes attempted to be levied in said year by the state of North Dakota were levied upon a percentage basis, and not in a specific amount. The tax attempted to be levied by Nelson county was not based upon an itemized statement of the county expenses for the ensuing year. The tax attempted to be levied by the village of Lakota in said year was greatly in excess of the amount which the corporate authorities of such village had power to levy. That the tax attempted to be charged against said real property in said year is composed of said illegal state, county and village taxes aforesaid. Said real property was not described in the assessment thereof purported to have been made in said year, nor was such assessment authenticated by the oath of the assessor. The county board of equalization did not equalize said taxes. Said real property was not offered for sale and was not sold for the payment of the delinquent taxes of the year 1895 at the time required by law, but was offered for sale and was in form struck off and sold on December 7, 1897, to defendant Nelson county, and tax sale certificate No. 340 was issued therefor, dated on said day. That all said proceedings are a cloud on plaintiff's title to the said real property.

"(5) That more than six years have elapsed since the sale of said land for said taxes and since the date of said certificate of sale. That possession of said real property has never been taken by defendant Nelson county, nor have proceedings to obtain possession thereof ever been instituted, nor has any deed therefor been executed or delivered to it. That defendant Nelson county is now about to take out a tax deed based on the aforesaid illegal taxes and the proceedings had to enforce the collection of the same, and to that end a notice of expiration of the period of redemption has been issued under the hand and seal of the defendant Telander, a copy of which is hereto attached, marked 'A,' and made a part hereof. * * *

"(6) That, unless restrained and enjoined from so doing, defendant Telander, at the instance and request of defendant Nelson county, will execute, acknowledge and deliver to said defendant a tax deed of said real property based on the aforesaid illegal taxes, and the irregular, defective and void proceedings had to enforce collection of the same, and on the said outlawed tax sale certificate, and said defendant Nelson county will receive and accept such tax deed; and that the same, if executed and delivered, will

further seriously cloud and impair plaintiff's title to said real property.

"Wherefore plaintiff prays that said pretended taxes and all proceedings had to enforce the collection thereof be adjudged and decreed to be void; that the cloud on plaintiff's title to said real property occasioned thereby be, by the judgment and decree of this court, removed; that the defendant, Henry Telander, as county auditor of said Nelson county, and his successors in office, be perpetually restrained and enjoined from executing, acknowledging and delivering any tax deed of said real property based on the taxes aforesaid; that during the pendency of this action, and until the final determination thereof, the said Telander be, by the order of this court, restrained and enjoined from executing, acknowledging and delivering a tax deed of said real property; that plaintiff have such other and further relief as the nature of its cause may require; and that it recover of defendant Nelson county its costs and disbursements herein."

We think the demurrer ought to have been sustained on the ground that the complaint does not state facts sufficient to constitute a cause of action. The levy of state taxes by percentage was valid. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132. The absence of an itemized statement as a basis for the county levy was an irregularity, which the legislature could cure, and that defect was cured by the provisions of section 263, Rev. Codes 1899. Every defect complained of in paragraph 4 of the complaint, except the alleged defective assessment, is one that was either cured or barred by virtue of the provisions of section 1263, no objection having been made before sale.

The want of an assessment could not be cured or barred by the sale, but the allegations of the complaint are insufficient as against a demurrer to show that there was no assessment. It is admitted by the allegation that there was an "assessment thereof purported to have been made in said year," but it is said that the property was not described therein. One part of this allegation is contradictory of the other part. There could be no assessment of the property without a description of it. The construction which the allegation bears is that the property was insufficiently described in the assessment roll. The allegation must be construed against the pleader on demurrer. So construed, it is clear that it states a mere legal conclusion on the part of the pleader.

The fact that the land was not sold in 1896, but was sold at the annual sale in 1897, is no ground for objection. We think it is clearly the meaning and intent of the 1897 revenue law that the auditor shall include in the annual sale for delinquent taxes not only the unpaid taxes of the next preceding year, but also the taxes for any preceding year, if for any reason the lands charged therewith had not been previously sold therefor. Rev. Codes 1899, sections 1259, 1270, 1283.

Chapter 165, p. 220, Laws 1901, amending section 1269, Rev. Codes 1899, relating to the rights of purchasers at tax sales, and requiring that such purchasers shall take possession or procure deeds within six years from the date of the sale, or within one year after the act took effect, if the sale had been made more than five years before the passage of the act, has no application to sales to the state or county, where the rights of the latter had not been assigned. It cannot be pretended that the legislature had any such intention, and, although the state or county might be termed a purchaser at a tax sale, it is too clear for argument that the word "purchaser," as used in section 1269, as amended, refers only to private persons or corporations holding tax sale cretificates. The complaint, in our opinion, does not state facts sufficient to entitle the plaintiff to any relief, and the demurrer should have been sustained for that reason.

We do not wish to be understood as holding or intimating that any notice of expiration of redemption or a tax deed was necessary in order to cut off plaintiff's rights in the land and to pass the title to the county. We express no opinion on that point, because a discussion of that question is not necessary to the disposition of the case. If the redemption notice and deed were unnecessary, they work no prejudice to plaintiff.

The order appealed from is reversed, and the cause remanded for further proceedings. All concur.