HODGE SHIP BUILDING Co. *et al. v.* CITY OF MOSS POINT.[*]

(Division A. Nov. 15, 1926.)

[110 So. 227. No. 25719.]

MUNICIPAL CORPORATIONS. *City to whom for want of bidder land is struck off for municipal taxes is not "purchaser" with right to lien, where sale is illegal (Hemingway's Code, sections 5987, 6979).*

City to whom, on sale for municipal taxes, land is, under Hemingway's Code, section 5987 (Code 1906, section 3427), struck off for want of bidder, is not a "purchaser" thereof to whom section 6979 (section 4345) gives lien for amount paid, etc., with right of enforcement by suit, where sale was illegal.

[*]Corpus Juris-Cyc. References: Municipal Corporations, 28 Cyc, p. 1721, n. 74.

APPEAL from chancery court of Jackson county.
HON. V. A. GRIFFITH, Chancellor.

Suit by the city of Moss Point against the Hodge Ship Building Company and another. From an adverse decree, defendants appeal. Reversed and judgment rendered.

*Ford, White, Graham & Gautier* and *May, Sanders & McLaurin,* for appellants.

*The city of Moss Point has no right, under the allegations of this bill, to prosecute and maintain a suit of this character.* This proceeding presents a novel effort by a municipality to back-assess property under the guise of attempting to enforce the lien given the purchaser at a tax sale, by section 6979, Hemingway's Code.

144 Miss.—42.

The court will note that the bill of complaint charges that the land was assessed and sold under a void assessment, rendering the sale void; that the city of Moss Point was the purchaser at the sale for municipal taxes. Sections 5984-5987, Hemingway's Code, prescribe the manner of making sales for municipal taxes, which is similar to the method prescribed for the sale of land for delinquent state and county taxes, the last section providing in substance that where lands are offered for sale for unpaid municipal taxes and a person will not bid therefor the amount of taxes, damages, and costs due, the same shall be struck off to the municipality "and otherwise dealt with as lands are which are sold to the state for delinquent state and county taxes."

Construing sections 5987 and 6979 together, as the law prescribes, the right to charge the taxes, damages and costs against the land where the sale is illegal, exists in favor of one who purchases at the sale. The statute gives to any purchaser at a tax sale a lien upon the land sold for the taxes, damages, etc., with the right to enforce the same by bill in chancery. Without the aid of the statute, a purchase at a sale, if he got no title, would be without remedy.

If the municipality is not within the terms or the purview of the statute, it was not entitled to relief and the whole proceeding must fail. We confidently maintain that the remedy afforded by the statute is not available where the land is not sold.

It is obvious from the language of the statute that it was aimed solely to protect purchasers at tax sales who pay their money but get no title, because the statute expressly states that the lien exists in favor of the purchaser for "the amount paid by the purchaser of any land at tax sale, etc."

The municipality did not buy at the tax sale; did not pay out any money; did not lose its lien, which may be asserted in a proper assessment proceeding; does not

need the remedy afforded by the statute; and is not within its terms nor within its purview.

The word *purchaser,* as used in the state, is evidently employed in the sense in which it is ordinarily used. It has been defined as meaning the acquisition of property by a party's own act, as distinguished from acquisition by act of law. *Kinne* v. *Kinne* (N. Y.), 45 How. Prac. 61, 65, citing Burrill Law Dic. 842; Steph. Comm. 355, 4 Kent Comm. 373; *Cobb* v. *Webb,* 64 S. W. 792; 1 Wils. 66, 72; *Hoyt* v. *Van Alstyne* (N. Y.), 15 Barb. 568, 572; *Hamilton* v. *Gray,* 31 Atl. 315, 316, 67 Vt. 233, 48 A. S. R. 811; *Cheatham* v. *Bobbitt,* 24 S. E. 13, 14, 118 N. C. 343; *Scott & Barrett Mercantile Co* v. *Nelson County,* 104 N. W. 528-529, 14 N. D. 407, construing a North Dakota statute analogous to ours, is in point here.

*F. S. McInnis,* for appellee.

There is nothing expressed or that can be implied in section 6979, Hemingway's Code, that will exclude a municipality from the provisions thereof. Appellants discuss at length the word *purchase.* The statute cited gives "the purchaser" the right to charge the lien on the land. The word purchaser has been variously defined, but in a final analysis of the various definitions, they mean the same thing. In its common sense it has been defined as one who acquired either real or personal property by buying it for money, or a price in money; a buyer, a vendee. See Black's Law Dictionary. One who acquires property by sale or for a consideration; a buyer. Burrill's Law Dictionary. It has been defined to mean one who acquires for a valuable consideration. *Morris* v. *Daniels,* 35 Ohio St. 406, 413. Practically all the definitions mean that a purchaser of land is one that acquires the same in any manner except by inheritance.

In this case the city, of course, acquired no title to the land, but was a purchaser thereof at the tax sale. Of

course, there was no actual money paid to the tax-collector; but, obviously, it was struck off to the city for the amount of taxes due on the land, as is alleged in the bill of complaint and provided for by section 3427, Code of 1906.

We submit that under the provisions of the statutes cited by appellants the city was as much a purchaser as any individual could be. There is nothing in the contention of appellants that should cause a reversal of the case.

Argued orally by *J. O. S. Sanders,* for appellants.

McGowen, J., delivered the opinion of the court.

This proceeding arises under section 6979, Hemingway's Code (section 4345, Code of 1906). The city of Moss Point, by a bill in chancery against the Hodge Ship Building Company and J. H. Walsh, seeks to avail itself of this section, and alleges that on the 1st day of February, 1919, appellants, defendants in the court below, were the owners of certain lands in the city of Moss Point, which lands had been assessed for taxation by said city lawfully at a valuation of forty-five thousand dollars; that the rate of taxation in said city was eighteen mills; that the taxes and damages on said lands for 1919 amounted to eight hundred sixty-eight dollars and sixty cents; that the city undertook to have a public sale of said lands for said taxes in default, but that, through error, the land was described as being in section 23, township 7 south, range 6 west, when in truth and in fact the land was situated in section 10, township 7 south, range 6 west, and, on account of the error in assessing said land the sale was void; but the city of Moss Point became the purchaser thereof at such void tax sale. Practically the same facts were averred as to the taxes for the years 1920, 1921, and 1922.

The bill further alleges that the city of Moss Point acquired no title to said land at said tax sale on account of the error in the description of said land, but that the city had a lien thereon for the taxes assessed, damages, and costs thereon, which were unpaid.

The prayer of the bill was for the land to be charged with the taxes thereon, amounting to three thousand five. hundred five dollars and twenty-eight cents for the years 1919 to 1922, inclusive, and also prayed that so much of the land as was necessary be sold to satisfy the judgment for taxes, and in event said land did not bring enough to pay the judgment, that the city of Moss Point have a decree over against defendants for whatever balance remained.

Defendants did not answer the bill, and the chancery court entered a decree *pro confesso* against them, and thereafter a final decree was entered charging the land with the amount of the taxes, interest, and costs, and providing that if the amount of the decree, together with interest at the legal rate, was not paid within thirty days from the final adjournment of court that said land be sold to satisfy the decree. Thereafter the land was advertised to be sold to satisfy said decree, but before the date of sale the appellants perfected an appeal to this court with supersedeas.

We deem it necessary to consider only the first assignment of error presented by appellants, to-wit, that the city of Moss Point had no right, under the allegations of the bill, to prosecute and maintain a suit of this character, and is not entitled to maintain a suit under section 6979, Hemingway's Code (section 4345, Code of 1906). The effect of the decree in this case is to permit the chancery court to assess lands which had not been assessed, and, if the full benefit of the statute was invoked, to make considerable profit for the municipality and other subdivisions of the sovereign power by failure to comply with the law in reference to assessment of lands, under the

guise of attempting to enforce a lien given a purchaser at a tax sale by section 6979, Hemingway's Code, reading as follows:

"*Rights of Purchaser at Tax Sale—Lien Given.*—The amount paid by the purchaser of land at any tax sale thereof, for taxes, either state and county, levee or municipal, and twenty-five per centum on said amount, and interest on the sum paid at the rate of ten per centum per annum, and all expenses of the conveyance and registration; and all sums paid for taxes on the land after its sale and purchase, and ten per centum per annum interest shall be a lien on the land in favor of the purchaser and the holder of the legal title under him, by descent or purchase, if the taxes for which the land was sold were due, although the sale were illegal on some other ground. And the purchaser and the holder of the legal title under him, by descent or purchase, may enforce the lien by bill in chancery, and may obtain a decree for the sale of the land in default of payment of the amount within some short time to be fixed by the decree; and, in all actions of ejectment, the defendant holding by descent or purchase, mediately or immediately, from the purchaser at tax sale of the land in controversy, may set off against the plaintiff the above-described claim, which shall have the same effect and be dealt with in all respects as provided for improvements in an action of ejectment."

It will be noted that the lands assessed, sold, and struck off to the municipality were in section 23, while the lands owned by defendants, appellants here, were in section 10, and it will be further noted that the bill concedes that the assessment was void; and that the lands were struck off to the municipality does not allege payment of any money, either for the year 1919 or subsequent years.

It is manifest to us that the section quoted *supra,* confers the right upon an actual purchaser at a tax sale, and a lien is given to a purchaser who paid the money and

discharged the lien for taxes due either for state, county, levee board, or municipal taxes, and that any other construction of the statute would be to confer a profit of the state, county, levee board, or municipality which failed to discharge its duty in the matter of proper assessment of taxes.

The method of sale for municipal taxes is similar to the method prescribed for the sale of lands for delinquent taxes due the state, county, or levee board, section 5987 providing, among other things:

"That where lands are offered for sale for unpaid municipal taxes, and a person will not bid therefor, the amount of taxes, damages [etc.], same shall be struck off to the municipality, and otherwise dealt with as lands are which are to be sold to the state for delinquent state and county taxes."

Taking sections 5987 and 6979, Hemingway's Code, together, the right to maintain this action for taxes, damages, and costs against the land and the owner thereof, where the sale is illegal, is vested in the purchaser at a sale who pays to the state, county, or municipality or levee board the amount of the bid which shall be equal to the taxes and costs due, and this right is conferred on any purchaser who has so parted with his money, and does not, in our judgment, apply to the sovereign, or subdivision thereof, who has simply become the purchaser by virtue of the fact that no person or corporation has been willing to bid and pay the amount of taxes, damages, and costs.

No right to file a bill of this character could be found other than in the statute above quoted, and the legal effect of enforcing a bill of this character would be to permit the chancery court to take over the matter of assessing lands, and would produce laxity, because more money would accrue to the taxing powers on account of the twenty-five per cent. damages which would necessarily follow a judgment, if the sovereign or subdivision could maintain a suit of this character.

The remedy under the section above quoted does not acrue to the state, county, municipality, or levee board, although, in a sense, the lands being struck off to the state or subdivision, thereby the state or subdivision might be termed the purchaser, but there is no provision for any payment of money by this purchaser, and the object of the statute was to promote bidding, so that the state, county, municipality or levee board might secure money from such bidders, either natural persons or corporations who, at sales, parted with the cash with which to promote the ends of the government, and this section was passed in aid of bidding by persons or corporations that the sovereign or subdivision thereof might receive the money with which to operate the government, and was not in aid of the sovereign or subdivision thereof becoming the owner of the land, because the lien for taxes was already in existence before the passage of this statute, and, so far as we are advised, the lien existed, and the right to assess existed, and the proper authorities may enforce the lien and exercise the right by complying with the law in the matter of assessments, and no appeal to the court is necessary, in order to secure an assessment of land and enforce the lien for taxes.

Not so with the individual or corporation who pays the money to the sovereign for a tax title and gets no title. Independent of this statute, perhaps, he would be remediless, or, at least, pay his money subject to the favor and grace of the sovereign or subdivision, and this would discourage bidding. A purchaser is one who acquires real or personal property by buying it for a price in money, a buyer, vendee. Black's Law Dictionary, p. 967. To "purchase" is to obtain or secure, as one's own, by paying, or promising to pay, a price. *Cheatham* v. *Bobbitt*, 118 N. C. 343, 24 S. E. 13.

The supreme court of North Dakota, in construing a statute relating to the rights of a purchaser at a tax sale, in the case of *Scott & Barrett Mercantile Co.* v.

*Nelson County,* 14 N. D. 407, 104 N. W. 528, held that the word "purchaser" in that act referred only to private persons or corporations holding tax sale certificates, and not to the state or subdivision thereof, and Engerud, J., as the organ of the court, saying:

"Chapter 165, p. 220, Laws 1901, amending section 1269, Rev. Codes 1899, relating to the rights of purchasers at tax sales, and requiring that such purchasers shall take possession or procure deeds within six years from the date of the sale, or within one year after the act took effect, if the sale had been made more than five years before the passage of the act, has no application to sales to the state or county, where the rights of the latter had not been assigned. It cannot be pretended that the legislature had any such intention, and, although the state or county might be termed a purchaser at a tax sale, it is too clear for argument that the word 'purchaser,' as used in section 1269, as amended, refers only to private persons or corporations holding tax sale certificates. The complaint, in our opinion, does not state facts sufficient to entitle the plaintiff to any relief, and the demurrer should have been sustained for that reason."

We are of opinion that no right to enforce the lien in the chancery court is conferred upon the state, county, municipality, or levee board, and therefore that the bill could not be maintained, nor the decree rendered thereon enforced.

Reversed, and judgment here for appellants.

*Reversed.*